**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

**GIL MARCUS GOMES PAIVA**,

    Plaintiff,

v.

**OLD LISBON SUNNY ISLES LLC**,
a Florida limited liability company,
**CARLOS SILVA**,
individually,

    Defendants.

_____/

**COMPLAINT**

Plaintiff, Gil Marcus Gomes Paiva ("Paiva"), under the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, Old Lisbon Sunny Isles LLC ("Old Lisbon") and Carlos Silva ("Silva"), and alleges, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. Old Lisbon is a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

3. Silva is *sui juris*, a resident of Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

4. Paiva is *sui juris*, a resident of Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6. Upon information and belief, the annual gross revenue of Old Lisbon was at all times material hereto, in excess of $500,000.00 per annum.

7. At all material times hereto, Old Lisbon was and continues to be an enterprise engaged in interstate commerce.

8. At all material times hereto, Old Lisbon operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9. As a result of the services provided by Old Lisbon, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

10. By reason of the foregoing, Old Lisbon is and was, during all time material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff was within interstate commerce.

11. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce.

12. Upon information and belief, Silva was the manager of Old Lisbon and had economic and day-to-day control of Old Lisbon, and of the nature and structure of Plaintiff's employment relationship with Old Lisbon and was therefore an employer as defined by 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

13. Upon information and belief, Old Lisbon employed Plaintiff as a "dishwasher/cleaner" for one (1) year and five (5) months from approximately October 2, 2017 through March 31, 2019.

14. Throughout his employment with Old Lisbon, Plaintiff routinely worked in excess of forty (40) hours per week.

15. Specifically, Plaintiff worked an average of seventy-eight (78) hours per week, with thirty-eight (38) hours of overtime.

16. Plaintiff was a non-exempt employee under the FLSA, entitled to overtime compensation at time-and-a-half.

17. However, Defendants failed/refused to pay to Plaintiff the required overtime wages as required by the FLSA.

18. Specifically, Defendants paid Plaintiff straight time rather than time-and-a-half, which he was entitled to under the FLSA.

19. Defendants willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime wages for all hours worked by him.

20. Defendants knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

21. Additionally, Defendants routinely docked three-and-a-half (3.5) hours per day from Plaintiff's paychecks.

22. As a result of Defendants' actions, Plaintiff has suffered damages and is entitled to receive compensation.

**PRE-SUIT DEMAND**

23. On August 6, 2019, Plaintiff through his undersigned counsel, sent to Old Lisbon a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting that they pay the amounts owed to Plaintiff, but Old Lisbon failed/refused to do so.

**COUNT I**
**OVERTIME (FLSA) AGAINST OLD LISBON**

24. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

25. This is an action against Old Lisbon for overtime compensation pursuant to 29 U.S.C. § 216(b).

26. Plaintiff routinely worked in excess of forty (40) hours per week for Old Lisbon.

27. Specifically, Plaintiff worked an average of seventy-eight (78) hours per week, with thirty-eight (38) hours of overtime.

28. Plaintiff was a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

29. Old Lisbon knew or should have known that Plaintiff suffered and was permitted to work overtime as defined in 29 U.S.C. § 203(g).

30. Old Lisbon failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times his regular rate, for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

31. At all material times, Old Lisbon knew or should have known that such refusal and/or failure was prohibited by the FLSA.

32. Notwithstanding, Old Lisbon intentionally and willfully violated the FLSA, as cited herein.

33. At all material times, Old Lisbon failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

34. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## OVERTIME (FLSA) AGAINST SILVA

35. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

36. This is an action against Silva for overtime compensation pursuant to 29 U.S.C. § 216(b).

37. Plaintiff routinely worked in excess of forty (40) hours per week for Silva.

38. Specifically, Plaintiff worked an average of seventy-eight (78) hours per week, with thirty-eight (38) hours of overtime.

39. Plaintiff was a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

40. Silva knew or should have known that Plaintiff suffered and was permitted to work overtime as defined in 29 U.S.C. § 203(g).

41. Silva failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times his regular rate, for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

42. At all material times, Silva knew or should have known that such refusal and/or failure was prohibited by the FLSA.

43. Notwithstanding, Silva intentionally and willfully violated the FLSA, as cited herein.

44. At all material times, Silva failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

45. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

46. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gil Marcus Gomes Paiva respectfully requests that judgment be entered in his favor against Defendants, Old Lisbon Sunny Isles LLC and Carlos Silva. Plaintiff is entitled to legal and equitable relief including, payment of unpaid wages, additional amounts such as liquidated damages, interest, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b), and the granting of such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of January 2020

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172
*Attorney for Plaintiff*